# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. ALFREDO NATAL, ) ) ) | |
| Petitioner, ) ) | No. 13 C 6826 |
| v. ) ) | Judge Ronald A. Guzmán |
| MICHAEL MAGANA,[1] Warden Stateville Correctional Center, ) ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Alfredo Natal has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## Background

After a bench trial, Natal was found guilty but mentally ill of first degree murder. (*See* Gov't Ex. K, *People v. Natal*, No. 1-06-3521 at 1 (Ill. App. Ct. Dec. 5, 2008).) On appeal, Natal raised a single argument, that the trial court erred in rejecting his affirmative defense of insanity. (*See* Gov't Ex. H, Br. & Arg. Def.-Appellant at 2, *People v. Natal*, No. 1-06-3521 (Ill. App. Ct.).) The appellate court affirmed Natal's conviction, and the Illinois Supreme Court denied his petition for leave to appeal. (*See* Gov't Ex. K, *People v. Natal*, No. 1-06-3521 at 11 (Ill. App. Ct. Dec. 5, 2008); Gov't Ex. L, Pet. Leave Appeal, *People v. Natal*, No. 108339 (Ill.); Gov't Ex. M, *People v. Natal*, No. 108339 (Ill. Sept. 30, 2009).)

---

[1]Michael Magana, who is now the warden of the Stateville Correctional Center, is substituted as the Respondent. *See* Habeas Corpus Rule 2(a).

Thereafter, Natal filed a petition for post-conviction relief alleging that his trial counsel was ineffective for failing to move to suppress statements Natal gave to the police, preventing Natal from testifying at trial, and failing to call witnesses to corroborate his insanity defense. (*See* Gov't Ex. N, Common Law Record at C00012, *People v. Natal*, No. 03 CR 11599 (Cir. Ct. Cook Cnty.).) The court denied his petition. (*See id.* at C00052, *People v. Natal*, No. 03 CR 11599 (Cir. Ct. Cook Cnty. Nov. 13, 2009).)

On appeal from the denial of his post-conviction petition, Natal argued that his trial counsel was ineffective because he did not file a motion to suppress or call witnesses to corroborate Natal's insanity defense. (*See* Gov't Ex. O, Br. & Arg. Pet'r-Appellant at 2, *People v. Natal*, No. 1-10-386 (Ill. App. Ct.).) The appellate court rejected these arguments and affirmed the denial of his post-conviction petition. (*See* Gov't Ex. T, *People v. Natal*, No. 1-10-386 (Ill. App. Ct. Oct. 17, 2012).) The supreme court denied Natal's late petition for leave to appeal. (*See* Gov't Ex. U, Late Pet. Leave Appeal, *People v. Natal*, No. 1-10-386 (Ill. App. Ct.); Gov't Ex. V, *People v. Natal*, No. 115818 (Ill. May 29, 2013).)

Before the proceedings on his first post-conviction petition were completed, Natal filed a successive post-conviction proceeding, in which he argued that: (1) a sentencing enhancement he received was unconstitutional; (2) his trial lawyer was ineffective for failing to argue that the enhancement was unconstitutional and failing to seek a second degree murder conviction; (3) the court erred in finding Natal guilty of first rather than second degree murder; and (4) his appellate counsel was ineffective because he did not challenge the sentencing enhancement or the court's failure to consider second degree murder or argue that trial counsel was ineffective for failing to raise these issues. (*See* Gov't Ex. W, [Successive] Pet. Post-Conviction Relief at 10-11, *People v. Natal*,

03 CR 11599 (Cir. Ct. Cook Cnty.).) The court dismissed the petition because Natal had not shown cause for and prejudice from having failed to raise the issues in it in his first post-conviction petition, as required by Illinois law. (*See* Gov't Ex. X, *People v. Natal*, No. 03 CR 11599 (Cir. Ct. Cook Cnty. Oct. 29, 2010).) Natal did not appeal this decision.

**Discussion**

Natal's first claim is that the sentence enhancement he received is unconstitutional. The government contends that this claim is procedurally defaulted because Natal did not raise it "through one complete round of state-court review, either on direct appeal or in post-conviction proceedings." *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009). The Court agrees. Natal raised this claim in his successive petition for post-conviction relief but did not appeal the trial court's denial of that petition to the state appellate or supreme court. Thus, the claim is procedurally defaulted. *Id.*; see 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")

The Court can still consider the merits of this claim, despite the default, if Natal shows cause for and prejudice from having failed to raise it in state court or that he is actually innocent, *i.e.*, "that no reasonable [fact finder] would have found him guilty of the crime but for the error(s) he attributes to the state court." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Because Natal has done neither, the Court cannot review this claim.

Natal's second claim is that the trial judge erred in finding him guilty of first degree murder because Natal proved "his insanity by clear and convincing evidence." (Pet. at 6.) The due process

3

clause of the Constitution guarantees that "no person shall be made to suffer the onus of a criminal conviction except upon . . . evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). However, "the Constitution is not offended by a state placing the burden of proving an affirmative defense such as insanity on the defendant." *Greider v. Duckworth*, 701 F.2d 1228, 1233 n.8 (7th Cir. 1983). Because Illinois law makes insanity an affirmative defense that the defendant is required to prove, the trial court's rejection of that defense does not violate the Constitution. *Id.*; *see* 720 Ill. Comp. Stat. 5/3-2(b) ("If the affirmative defense of insanity is raised, the defendant bears the burden of proving by clear and convincing evidence his insanity at the time of the offense."); 720 Ill. Comp. Stat. 5/6-2(e) ("When the defense of insanity has been presented during the trial, the burden of proof is on the defendant to prove by clear and convincing evidence that the defendant is not guilty by reason of insanity.").

Natal's last claim is that his trial counsel was ineffective for failing to call witnesses to bolster his insanity defense and failing to file a motion to suppress Natal's statements to the police. To prevail on this claim, Natal must show that his trial counsel performed unreasonably, Natal was prejudiced as a result, and the state court's conclusion to the contrary is unreasonable. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009); *see* 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus . . . shall not be granted . . . unless the [state court] adjudication of the claim . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "based on an unreasonable determination of the facts in light of the evidence presented"). In determining an ineffective assistance claim, "a court must indulge

4

a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

In determining Natal's ineffective assistance claim, the state court identified the controlling legal standard, *Strickland*, and said:

> . . . . [This] case turned not on whether defendant was merely mentally ill, but whether he was legally insane; that is whether he had the substantial capacity to appreciate the criminality of his actions. Expert testimony revealed that resolution of this issue was based on defendant's behavior during and after the shooting; thus, evidence corroborating defendant's unusual behavior in the days and weeks prior to the offense would not have been relevant under these circumstances.
>
> . . . .
>
> [T]here is nothing in the record to suggest that trial counsel should have suspected defendant was unaware of his *Miranda* rights when he elected to speak to police officers. To the contrary, both Detective Balodimas and ASA Weiner testified that they read defendant his rights prior to questioning him, and the videotaped confession shows that rights were read before defendant repeated his statement. Ultimately, in the absence of an allegation that defendant's attorney was aware that defendant was not read his *Miranda* rights, there can be no arguable claim of ineffective assistance for counsel for failing to file a motion to suppress defendant's confession on this basis.

(Gov't Ex. T, *People v. Natal*, No. 1-10-3856 at 13-14, 16 (Ill. App. Ct. Oct. 17, 2012) (citations omitted)). Because this is a reasonable application of *Strickland* to the facts of this case, Natal is not entitled to habeas relief on his ineffective assistance claim.

## Conclusion

For the reasons set forth above, the Court denies Natal's petition for a writ of habeas corpus and terminates this case. Moreover, because Natal has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

**SO ORDERED.**          **ENTERED: April 22, 2014**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**